# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Eli Lilly and Company, | Case No. 2:23-cv-04697-RMG |
| Plaintiff, | |
| v. | |
| Totality Mediaspa LLC, | **ORDER AND OPINION** |
| Defendant. | |

This matter is before the Court on the Parties' consent motion for preliminary injunction. (Dkt. No. 13). For the reasons set forth below, the Court denies the motion without prejudice.

Plaintiff Eli Lilly and Company alleges that Defendant Totality Medispa LLC infringed on one of Plaintiff's trademarks and undertook actions that constitute false advertising and unfair competition. (Dkt. No. 1 at ¶ 4). Plaintiff alleges that "Defendant is a South Carolina limited liability company." (*Id.* at ¶ 31). To date, no counsel has made an appearance on behalf of Defendant.

Regarding the present consent motion for entry of a preliminary injunction, Plaintiff, through counsel, advised the Court that it has "conferred with the principals of Defendant. . . , namely Stanley Wilhelm, the owner of Totality, and Dr. Nicole Nadel, DO, the Chief Medical Officer of Totality, regarding this matter. The principals of Totality have advised Plaintiff's counsel that Totality wishes to proceed without counsel at this time." (Dkt. No. 13 at 1). Furthermore, "Counsel for Lilly has conferred with the principals of Totality regarding Lilly's intent to seek preliminary injunctive relief in this action, and Lilly and defendant Totality have agreed to the terms of the attached Consent Preliminary Injunction Order." (*Id.*)

"[I]t is well-established that corporations must 'appear in federal courts only through licensed counsel.'" *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022) (quoting

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993). Defendant is a limited liability company, and it must be represented by licensed counsel in federal court. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms. . ., a limited liability company also may appear in federal court only through a licensed attorney."). This requirement is not waivable.

Plaintiff represents that "the parties continue to be actively engaged in discussions regarding resolution of this matter." (Dkt. No. 13 at 1). The Parties, of course, may agree to anything they like outside of this Court. It appears that Stanley Wilhelm and Dr. Nicole Nadel, the principals of Defendant, have decision-making authority and are willing to address Plaintiff's concerns without formal litigation. Nevertheless, Plaintiff brought this suit in federal court, and the rules and procedures of federal courts apply. Defendant must appear through counsel if it intends to file motions—even if by consent.

Based on the reasons set forth above, the Court denies the Parties' consent motion for preliminary injunction. (Dkt. No. 13). Furthermore, the Court directs Defendant to retain counsel within 30 days of this Order. Should Defendant obtain counsel, the Parties may refile their motion for preliminary injunction.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

November 7, 2023
Charleston, South Carolina