IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>TOTALITY MEDISPA, LLC,<br><br>        Defendant. | Case No. 2:23-cv-4697-RMG<br><br>**ORDER** |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiff Eli Lilly and Company ("Lilly") and Defendant Totality Medispa, LLC ("Defendant") (collectively, the "Parties") have stipulated and agreed that this Final Judgment and Permanent Injunction (the "Permanent Injunction") be entered in the present action as set forth below without further notice or process; and

WHEREAS, Lilly filed its Complaint in this action on September 19, 2023, and Defendant was served with the Complaint and, through counsel, appeared on November 20, 2023; and

WHEREAS, the Parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Permanent Injunction in connection with such resolution of this action; and

WHEREAS, the Court finds good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and Defendant is subject to the jurisdiction of this Court.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.      Lilly's Complaint states causes of action against Defendant for trademark infringement, false advertising, unfair competition and unfair trade practices in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and S.C. Code § 39-5-20.

3.      Lilly has adopted and used, and has valid and enforceable rights in and to, the trademarks MOUNJARO® and ZEPBOUND® (the "Lilly Marks") for pharmaceutical products.

4.      The federal trademark registrations for the Lilly Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| MOUNJARO | 6,809,369 | August 2, 2022 | Pharmaceutical preparations (class 5) |
| ZEPBOUND | 7,288,373 | January 23, 2024 | Pharmaceutical preparations (class 5) |

5.      Without the consent of Lilly, Defendant has used one or more of the Lilly Marks in connection with sale, marketing, promotion, and offering of compounded drug products purporting to contain tirzepatide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Lilly FDA-approved products (the "Unapproved Compounded Drugs").

6.      Without the consent of Lilly, Defendant has engaged in advertising, marketing and/or promotion that falsely suggests that: (i) the Unapproved Compounded Drugs offered by Defendant are genuine Lilly products and/or are approved by the FDA; (ii) Defendant and/or its

Unapproved Compounded Drugs are sponsored by, associated with or affiliated with Lilly and/or Lilly's FDA-approved products; and/or (iii) have been proven to achieve certain therapeutic results or effects.

7. Defendant's actions as described above are likely to cause confusion, infringe Lilly's rights in the Lilly Marks, and violate Lilly's rights under the Lanham Act and state law.

8. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) using the Lilly Marks in any manner, including but not limited to (i) use of the Lilly Marks in any manner that is likely to cause confusion, to cause mistake or to deceive or otherwise infringe Lilly's rights in the Lilly Marks in any way, and (ii) use of the Lilly Marks in connection with the advertising, marketing, sale or promotion of any Unapproved Compounded Drugs; and

(b) advertising, stating or suggesting that any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by Defendant:

(1) are genuine or authentic Lilly MOUNJARO® or ZEPBOUND® drugs;

(2) are sponsored by or associated with Lilly;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

3

    (4)    have been proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Lilly's products;

    (5)    are associated or connected in any way with Lilly or Lilly's products; or

    (6)    contain any ingredient (including but not limited to tirzepatide) that is supplied by Lilly, is approved by the FDA, or is the same as any ingredient in any Lilly product.

9. IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose, in all advertisements, social media statements, press releases, articles, or interviews for any compounded tirzepatide products, and shall display on its website, the following statement: "Compounded versions of tirzepatide are not FDA-approved, and neither the FDA nor any global regulatory agency has reviewed these products for safety, quality, or efficacy." .

10. Each party shall bear its own attorney's fees and costs in connection with this Action.

11. Judgment is hereby entered in favor of Plaintiff as set forth above.

12. In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment, who shall enter it upon the records of the Patent and Trademark Office.

13. This Permanent Injunction shall be deemed to have been served on Defendant and all of its subsidiaries, affiliates, divisions, operating companies, related entities, officers, agents, servants, employees and attorneys as of the date of entry hereof by the Court.

14. This Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction and the Parties' confidential settlement agreement, including disputes related thereto.

**AND IT IS SO ORDERED,** this 15 day of May, 2024.

        s/Richard M. Gergel
        RICHARD MARK GERGEL
        UNITED STATES DISTRICT JUDGE

CONSENTED TO:

| /s/ George C. Johnson | /s/ Edward T. Fenno |
|---|---|
| George C. Johnson | Edward T. Fenno |
|   Fed. ID No. 6538 |   Fed. ID. No. 7498 |
|   george@jtbpa.com |   efenno@fennolaw.com |
| I.S. Leevy Johnson | |
|   Fed. ID No. 2194 | FENNO LAW FIRM, LLC |
|   ISLJ@ jtbpa.com | 1459 Stuart Engals Blvd., Suite 202 |
| | Mount Pleasant, SC 29464 |
| JOHNSON TOAL & BATTISTE PA | Telephone: (843) 720-3747 |
| 1615 Barnwell St. | |
| Columbia, SC 29201 | Counsel for Defendant |
| Telephone: (803) 252-9700 | TOTALITY MEDISPA, LLC |
| | |
| Counsel for Plaintiff | |
| ELI LILLY AND COMPANY | |